United States District Court
Southern District of Texas
**ENTERED**
December 18, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHELS CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-02340 |
| | § | |
| EMS USA, INC., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court in the above-referenced cause is Plaintiff's Michels Corporation's ("Michels") Motion for Summary Judgment ("Motion"). Doc. 10. Defendant EMS USA, Inc.'s ("EMS") has not filed a response to the Motion. Having considered the Motion, record, and relevant law, the Court grants in part and denies in part Michels's Motion for Summary Judgment.

Michels seeks summary judgment for EMS's alleged failure to pay $2,091,300 for work performed in breach of their contract and in violation of the Texas Prompt Payment Act, a statutory award of attorney's fees and costs, and pre-judgment and post-judgment interest. Doc. 10.

**I. Background**

According to its complaint, Michels alleges that it was hired by EMS to finish drilling pathways and install pipeline under "Highway 96, the Kansas City Southern railroad, the Union Canal and the Martin Canal" to connect the "Martin's Spindletop Terminal to its Neches Terminal and transport natural gasoline," but was not paid after it drilled pathways and installed pipeline. Docs. 1 at 3–5, 10 at 2–3. Michaels alleges that EMS first contracted with Isaack's Contracting, Inc. ("Isaacks") to drill under the highway, railroad, and canals, but Issacks "stuck

its drill stem and reamer in the vicinity of Highway 96." *Id.* Michels further alleges that when Issacks was unable to unstick its drill and reamer, EMS terminated its contract with EMS and hired Michels to complete the drilling project. *Id.* at 3–4.

Michels also alleges that the Michaels and EMS then entered into a Master Procurement Agreement ("MPA"), "which set forth the general terms and conditions of the agreement between the two parties," and a Purchase Order "authorizing the Work to proceed" for the "lump-sum price of $3,091,300." *Id.* at 4. And "[t]he MPA required EMS to pay Michels in full within 45 days of its receipt of Michels' invoice," i*d.*, as follows:

> [EMS] will effect payment within forty-five (45) days of receipt by [EMS] of any valid invoice complete with all necessary supporting documentation. Any associated costs of [Michels's] invoice preparation shall be included in [Michels's] rates of compensation.

Doc. 1-1 at 1, 5 ¶ 9.4.

Michels next alleges that it completed its drilling and pipe laying and "submitted its invoice to EMS on December 30, 2015," making payment due on "February 13, 2016." *Id.* But Michels alleges that it has "only been paid $1,000,000." *Id.* Thus, Michels asserts EMS's "refusal to pay the remaining balance of the contract price . . . is a material breach of the MPA for which EMS must now be held accountable." Doc. 1 at 5.

When EMS did not pay the remainder, Michels filed this lawsuit on August 4, 2016, asserting claims for breach of contract and failure to comply with the Texas Prompt Payment Act against Defendant EMS. Doc. 1. EMS answered. Doc. 5. Michels then filed its Motion for Summary Judgment on December 19, 2016. Doc. 10. EMS's initial response was due January 9, 2017, but by agreement of the parties and the Court's blessing, the deadline was extended to January 13, 2017. Docs. 11, 13. On the January 13 response deadline, EMS moved to extend the deadline for an additional thirty days "so as to give the parties in the Related Lawsuits time to

continue their settlement discussions." Doc. 15 at 3.

On April 6, 2017, Magistrate Judge Stacy held a scheduling conference and ordered EMS to respond to Michels' pending Motion for Summary Judgement on or before May 31, 2017. Doc. 20. Subsequently, the Court denied EMS's motion to extend the summary judgment thirty days from January 13, 2017, as moot. Doc. 22 at 2. EMS has not filed a response to the Motion. Thus, under Local Rule 7.4, the Motion is deemed unopposed.

As evidence in support of its complaint, Michels attached, the MPA contract, Doc. 1-1, Ex. A; a Memorandum of Understanding ("MOU") between Martin and EMS agreeing to let Michels complete the "directional drilling aspect of the project" at "an additional cost of $1,653,878.25"; where Martin agreed to "advance $824,000 toward the additional costs of Michels," and where EMS agreed "to advance the remainder of the additional costs to Michels", Doc. 1-2 at 1, Ex. B; the Purchase Order from EMS to Michels ordering "HDD & Install 12' Steel Pipe for Crossing 11,400'," Doc. 1-3, Ex. C; and an invoice from Michels to EMS for $3,091,300 dated "December 30, 2015," Doc. 1-4, Ex. D.

Michels attached additional evidence to its motion for summary judgment, as follows: a notice of default from EMS to Isaacks, Doc. 10-3; EMS responses to Michels's first request for admissions, Doc. 10-5; e-mail between Michels and EMS's Treasurer and Chief Information Officer, indicating that Michels could expect payment "in full thanks to [its] great work," Doc. 10-7 at 7, and proposing two payment plans for the remaining $2,091,300, Doc. 10-7 at 1–8; an uncertified copy of EMS's petition against Isaacks, Doc. 10-8; and an uncertified copy of Martin's petition against EMS indicating that Martin transferred $824,000 to EMS "pursuant to the MOU" "[o]n or about December 14, 2015," Doc. 10-10 at 5–6 ¶¶ 17 and 19.

EMS first four responses to Michels's first request for admissions admit to the contract,

Michels's completion of the contract, the contract price, and that EMS had no problems with the work Michels performed, as follows:

> REQUEST NO. 1: Please admit that you entered into the Agreement with the Plaintiff.
>
> RESPONSE: Admit.
>
> REQUEST NO. 2: Please admit that the Plaintiff completed the Work it was obligated to perform under the Agreement.
>
> RESPONSE: Admit.
>
> REQUEST NO.3: Please admit that you have not paid Plaintiff the full contract price owed under the Agreement, which, per your admissions in Paragraphs 5 and 20 of your Answer, is $3,091,300.
>
> RESPONSE: Denied as written. Plaintiff admits that the contract price is $3,091,300.
>
> REQUEST NO. 4: Please admit that you have never notified Michels of any problems related to the Work it performed under the Agreement.
>
> RESPONSE: Admit.

Doc. 10-5 at 3.

## II. Standard of Review

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate when, viewing the evidence in the light most favorable to the nonmovant, the court determines that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Hanif v. United States*, No. CV H-15-2718, 2017 WL 447465, at *4 (S.D. Tex. Feb. 2, 2017). A dispute of material fact is "genuine" if the evidence would allow a reasonable jury to find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). ). "If the evidence is merely colorable, or is not significantly

probative, summary judgment may be granted." *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) and *Liberty Lobby*, 477 U.S. at 249–50).

Allegations in a plaintiff's complaint are not evidence. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996)("[P]leadings are not summary judgment evidence."); *Johnston v. City of Houston, Tex.*, 14 F.3d 1056, 1060 (5th Cir. 1995)(for the party opposing the motion for summary judgment, "only evidence—not argument, not facts in the complaint—will satisfy' the burden."), citing *Solo Serve Corp. v. Westown Assoc.*, 929 F.2d 160, 164 (5th Cir. 1991).

The movant bears the initial burden "of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The burden then shifts to 'the nonmoving party to go beyond the pleadings and by her own affidavits [and other competent evidence] designate specific facts showing that there is a genuine issue for trial.'" *Davis v. Fort Bend Cty.*, 765 F.3d 480, 484 (5th Cir. 2014) (quoting *Celotex Corp.*, 477 U.S. at 324).

But if the non-movant does not respond, "[a] federal court may not grant a 'default' summary judgment where no response has been filed." *Bradley v. Chevron U.S.A., Inc.*, No. Civ. A. 204CV092J, 2004 WL 2847463, *1 (N.D. Tex. Dec. 10, 2004) (citing *Eversley v. MBank of Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)); *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. FED R. CIV. P. 56(e)(2); *Bradley*, 2004 WL 2847463 at *1 and n.2; *see also Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003)(where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed*). See also Unum Life Ins. Co. of*

*America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996)("A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence.").

### III. Discussion

Michels seeks summary judgment for EMS's alleged failure to pay $2,091,300 for work performed in breach of their contract, a statutory award of attorney's fees and costs under the breach of contract claim and under the Texas Prompt Payment Act, and pre-judgment and post-judgment interest under the Texas Prompt Payment Act and "traditional pre- and post-judgment interest rates owed under Texas Law, currently, 5% compounded annually." Doc. 10 at 1–2, 6.

**A. Breach of Contract and Attorney's Fees**

In order to prevail on a breach of contract claim, a plaintiff must establish (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the Defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)); *Marine Geotechnics, LLC v. Williams*, No. CIV.A. H07-3499, 2011 WL 147722, at *3 (S.D. Tex. Jan. 18, 2011). And an award of attorney's fees, if appropriate, is governed by Texas law because state law provides the substantive rules for this diversity breach of contract action. *Dallas Gas Partners, LP v. Prospect Energy Corp.*, No. CIV.A. H-10-1396, 2011 WL 644788, at *1 (S.D. Tex. Feb. 10, 2011) (citing *Mathis v. Exxon Corp.*, 302 F.3d 448, 462 (5th Cir. 2002)).

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Amlin Corp. Member, Ltd. v. Logistics Grp. Int'l, Inc.*, No. H–09–2695, 2011 WL 3271335, at *3 (S.D. Tex. July 28, 2011) (Rosenthal, J.) (quoting *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)). Under Texas law, attorneys' fees may only be awarded if the right to attorneys' fees is established by statute or contract. *Id.* (citing *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310–11 (Tex. 2006)). "Texas law authorizes the award of reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." *Gabbanelli Accordions & Imports, L.L.C. v. Hohner, Inc.*, No. CIV.A. H–12–0381, 2014 WL 6674145, at *1 (S.D. Tex. Nov. 24, 2014) (Rosenthal, J.) (quoting *Coffel v. Stryker Corp.*, 284 F.3d 625, 640 (5th Cir. 2002)) (internal quotation marks omitted). "The award of reasonable attorneys' fees is mandatory under § 38.001 [of the Texas Civil Practice and Remedies Code] if the plaintiff prevails in his or her breach of contract claim and recovers damages." *Id.* (quoting *Coffel*, 284 F.3d at 640–41).

Here, Michels has submitted summary judgment evidence supporting the essential elements of a breach of contract between itself and EMS. *See Celotex Corp.*, 477 U.S. at 323. First, Michels attached a valid purchase order under the MPA between Michels and EMS, which EMS admits it entered into. Docs. 1-1, 1-3, & 10-5 at 3. Second, EMS admits that Michels completed the work. Doc. 10-5 at 3. Third, the Michels provides evidence that EMS breached the contract by not paying Michels the full contract amount, as follows: EMS admits the full contract price was $3,091,300, Doc. 10-5 at 3; the MPA indicates that payment was due forty-five days from the invoice issued on December 30, 2015, Doc. 1-4; e-mails between Michels and EMS indicate that EMS intended to pay Michels "in full" and proposed payment plans for the

remaining $2,091,300, Doc. 10-7 at 1–8. The Court presumes that Michels' allegation that it was paid $1,000,000 is true. *See* FED R. CIV. P. 56(e)(2); *Bradley*, 2004 WL 2847463 at *1 and n.2; *see also Thompson*, 258 F. Supp. 2d at 515. Fourth, Michels provides evidence of damages in the form of money owed, interest, and attorney's fees for seeking recovery. Doc. 10-1 at 5.

Michels properly submitted summary judgment evidence to meet all the essential elements of its claim for breach of contract and shifts the burden to EMS coming forward with evidence that raises a material question of fact for trial. EMS did not respond and so did not meet this burden. *See* FED R. CIV. P. 56(e)(2); *Thompson*, 258 F. Supp. 2d at 515. Summary judgment in favor of Michels as to its breach of contract claim is proper. *See Marine Geotechnics, LLC v. Williams*, 2011 WL 147722, at *3. Also, because Michels prevailed on its breach of contract claim, under Texas law, Michels is entitled to attorneys' fees and costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8); *Dallas Gas Partners, LP*, 2011 WL 644788, at *1 (citing *Mathis*, 302 F.3d at 462); *Gabbanelli Accordions & Imports, L.L.C.*, 2014 WL 6674145, at *1. Accordingly, the Court

GRANTS summary judgment as to Michels breach of contract claims against EMS and ORDERS that Michels shall recover attorney's fees and costs from EMS and that Michels shall provide proof of attorney's fees by way of affidavit and exhibits.

### B. Pre and Post-Judgment Interest

Michels also seeks summary judgment for attorney's fees and costs and pre-judgment and post-judgment interest in the amount of 18% under the Texas Prompt Payment Act, TEX. PROP. CODE ANN. § 28.*001 et. seq.*, for $1,261,421.75 of the outstanding balance and "traditional pre- and post-judgment interest rates owed under Texas Law, currently, 5% compounded annually" for the remaining "$829,878.25," under Texas Finance Code section 304.003. Doc. 10 at 6.

Having awarded attorney's fees to Michels for breach of contract, the Court considers the applicability of the Texas Prompt Payment Act to determine only the pre and post-judgment interest. TEX. PROP. CODE ANN. § 28.004. Under this Act, the contractor "shall pay each of its subcontractors the portion of the owner's payment"—to the extent of that subcontractor's interest in the owner's payment—"not later than the seventh day" after receipt of the owner's payment. § 28.002(b).[1] Failure to promptly pay results in the accrual of 1.5% monthly (18% annual) interest on the amount due starting "on the day after the date on which the payment becomes due" until the earlier of the date of delivery of the money or the date of judgment. § 28.004. If a party disputes its obligation to pay or the amount of payment, in good faith, it may withhold part of the funds as outlined in Texas Property Code section 28.003.

Pre and post-judgment interest not falling under the Texas Prompt Payment Act, or some other statute, will accrue under a rate of 5% per year. *See* TEX. FIN. CODE ANN. § 304.003; *Strategic Capital Corp. v. New Strong Group Ltd.*, No. 4:08-CV-1651, 2012 WL 6202182, at *13 (S.D. Tex. Dec. 12, 2012) (citing *Johnson & Higgins v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 529–32 (Tex. 1998) (conforming common law to statute); *see also ExxonMobil Corp. v. Valence Operating Co.*, 174 S.W.3d 303, 319 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (applying § 304.003 for pre-judgment interest rate where contract did not specify the rate of interest). Pre-judgment interest begins to accrue on the earlier of (1) 180 days after the date a

---

[1] Martin is the owner, EMS is the contractor, and Michels is a subcontractor. Under Texas Property Code section 28.001, an owner "means a person or entity, other than a governmental entity, with an interest in real property that is improved, for whom an improvement is made, and who ordered the improvement to be made"; a contractor "means a person who contracts with an owner to improve real property or perform construction services for an owner"; and a subcontractor "means a person who contracts to furnish labor or material to, or has performed labor or supplied materials for, a contractor or another subcontractor in connection with a contract to improve real property." TEX. PROP. CODE ANN. § 28.001(1), (4).

defendant receives written notice of a claim or (2) the date suit is filed. *Johnson & Higgins*, 962 S.W.2d 507 at 531. Further, it shall accrue at the rate for post-judgment interest and it shall be computed as simple interest. *Id.* at 529.

Here, Michels asserts that the higher 18% annual rate should apply to $1,261,421.75 of unpaid funds because EMS received payments from Martin totaling $2,261,421.75, but timely paid only $1,000,000. Doc. 10-1 at 5–6. Michels alleges EMS received these funds by December 14, 2015, which made the payment due on February 14, 2016—the day after payment was due under the MPA contract. Doc. 10-1 at 3, 6. In support, Michels provides the MOU between Martin and EMS, where Martin agreed to advance $824,000, and where EMS agreed to advance the remainder of $1,653,878.25, Doc. 1-2 at 1, and the uncertified petition of Martin against EMS indicating that Martin transferred $824,000 to EMS on or about December 14, 2015, Doc. 10-10 at 5–6 ¶¶ 17 and 19. Michels asserts the remaining $829,878.25 should accrue at 5% annually. Doc. 10-1 at 6. And the Court notes that EMS did not assert a good faith defense under Texas Property Code section 28.003 in its answer, and so need not address the merits of withholding funds under Texas Property Code section 28.003. Doc. 5.

Presuming this evidence is true because it is unopposed, the higher 18% annual rate should apply to $824,000. *See* FED R. CIV. P. 56(e)(2); *Thompson*, 258 F. Supp. 2d at 515. $824,000 was advanced by the owner, Martin, to EMS, the contractor. *See* TEX. PROP. CODE ANN. § 28.001. The Texas Prompt Payment act requires the "contractor" to pay the "portion of the owner's payment" within seven days, not a portion that the contractor has promised the owner it will pay. § 28.002(b). Nor does Michels provide authority that the amount EMS promised to advance should be considered part of the "owner's payment," triggering the higher interest rate. *See* § 28.001–2. Thus, the Court holds that the Act applies only to $824,000 with

18% annual interest beginning on February 14, 2016, the day after the MPA contract required payment of the Purchase Order.[2]

The remainder owed to Michels, totaling $1,267,300, will accrue at the traditional pre-judgment interest rates under Texas law, currently 5% compounded annually, from the date of suit on August 4, 2016 until the date of judgment. *See* TEX. FIN. CODE ANN. § 304.003; *Johnson & Higgins*, 962 S.W.2d at 531; *ExxonMobil Corp.*, 174 S.W.3d at 319.

Accordingly, the Court ORDERS that $824,000 mature from the February 14, 2016 until the date of judgment at a rate of 1.5 percent monthly (18 percent annual) and ORDERS that $1,267,300 mature from August 4, 2016 until the date of judgment at a rate of 5% pre-judgment interest. Post-judgment interest will accrue at 5% compounded annually. *See id.*

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Michel's motion for summary judgment is **GRANTED** in part and **DENIED** in part**.** Doc. 10. A judgment shall issue separately.

SIGNED at Houston, Texas, this 15th day of December, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[2] While the interest could theoretically accrue from December 22, 2015, the day after seven days from Martin's payment to EMS, Michels requests interest only from February 14, 2016. Doc. 10-1 at 6.